Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERORG, LLC,<br><br>Defendant. | Case No.19-cv-01262-JSC<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Plaintiff North America Photon Infotech, LTD, filed this action alleging breach of contract against Defendant Discoverorg, LLC, in the San Francisco Superior Court. Discoverorg, LLC thereafter removed the action to this Court based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Discoverorg, LLC then moved to dismiss for lack of personal jurisdiction and improper venue. (Dkt. No. 5.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time

before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Discoverorg, LLC's Notice of Removal states that it is a limited liability company ("LLC") organized and existing under the laws of the State of Delaware with its principle place of business in Vancouver Washington, and that North America Photon Infotech, LTD, is "a citizen of Mauritius." (Dkt. No. 1 at ¶¶ 10-11.) An LLC is a "citizen of every state in which its members are citizens." *Johnson v. Columbia Props. Anchorage*, *LP*, 437 F.3d 894, 899 (9th Cir. 2006). Other unincorporated associations such as limited partnerships, have the same citizenship as each of their members or partners. *See id*. at 899; *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir.1992). Thus, depending on what is meant by the complaint's allegation that North America Photon Infotech, LTD is a "private limited company," its citizenship may likewise depend on the citizenship of its members. However, Discoverorg, LLC's Notice of Removal fails to allege the citizenship of its members or what type of private limited company North America Photon Infotech, LTD is, and its members as necessary. Thus, it has not met its burden of showing that there is diversity jurisdiction.

Accordingly, because Discoverorg, LLC bears the burden of establishing that removal jurisdiction exists, it is ORDERED to SHOW CAUSE that the Court has diversity jurisdiction under the correct law for determining citizenship. Defendant shall file its response to this OSC by April 9, 2019. Plaintiff shall file its response by April 16, 2019.

The hearing on Defendant's motion to dismiss is continued to April 25, 2019 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: April 2, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2